IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MONICA WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-cv-720 |
| vs. ) | |
| ) | |
| PRIME SOURCE CAPITAL ) | |
| MANAGEMENT LLC, ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, MONICA WASHINGTON, by and through her attorney, MITCHEL E. LUXENBURG, and for her Complaint against the Defendant, PRIME SOURCE CAPITAL MANAGEMENT LLC, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Charlotte, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a limited liability company of the State of New York, which is not licensed to do business in North Carolina and which has its principal place of business in Amherst, New York.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about July of 2012 in attempts to collect the aforementioned alleged debt.

9. Defendant's agent, representative and/or employee also placed at least one telephone call to Plaintiff's mother, in a further attempt to collect the alleged debt. During this call, Defendant's agent, representative and/or employee identified the name of the Defendant

without having been requested to do so by Plaintiff's mother. In addition, Defendant's agent, representative and/or employee disclosed to Plaintiff's mother that they were attempting to collect an alleged debt from Plaintiff and also stated that Plaintiff had committed fraud.

10. Defendant's agents, representatives and/or employees had no reason to place a telephone call to Plaintiff's mother, as Defendant already was in possession of valid contact information for the Plaintiff herself.

11. In a telephone communication with Plaintiff, Defendant's agents, representative and/or employee representing himself as "Mr. Davis (hereinafter Davis)," referred to Defendant as "First Alliance" instead of using Defendant's actual name and also told Plaintiff that Defendant was a "pre-litigation company." Davis also stated that Defendant could acquire Plaintiff's assets to satisfy the alleged debt.

12. Defendant had no intention of seizing Plaintiff's assets to satisfy the alleged debt at the time Mr. Davis made this threat. To date, Defendant does not have a judgment against Plaintiff with regard to the alleged debt. In fact, Defendant has not filed a lawsuit in an attempt to collect the alleged debt.

13. Further, Defendant re-routed calls placed to Plaintiff's cell phone number so that calls were forwarded to Defendant instead of Plaintiff's cell phone.

14. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);

c. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

d. Placing telephone calls to Plaintiff without meaningful disclosure of Defendant's caller's identity, in violation of 15 U.S.C. § 1692d(6);

e. Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

f. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

g. Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of 15 U.S.C. § 1692e(7);

h. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

i. Using an unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and

j. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

15. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MONICA WASHINGTON, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $1,000.00 for each violation of the FDCPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## **COUNT II**

(Violation of the North Carolina Prohibited Practices by Collection Agencies

Engaged in the Collection of Debts from Consumers Statute)

16. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

17. In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

    a. Identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of N.C. Gen. Stat. § 58-70-105(1);

    b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of N.C. Gen. Stat. § 58-70-105(1);

c. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of N.C. Gen. Stat. § 58-70-105(1);

d. Placing telephone calls to Plaintiff without meaningful disclosure of Defendant's caller's identity, in violation of N.C. Gen. Stat. § 58-70-110(1);

e. Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of N.C. Gen. Stat. § 58-70-95(5) and/or (6);

f. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 58-70-95(7) and/or (8);

g. Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of N.C. Gen. Stat. § 58-70-95(2);

h. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of N.C. Gen. Stat. § 58-70-110;

i. Using an unfair or unconscionable means to attempt to collect a debt, in violation of N.C. Gen. Stat. § 58-70-115; and

j.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

18. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MONICA WASHINGTON, respectfully prays for a judgment against Defendant as follows:

a.  Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

b.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.  Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (42021)
Luxenburg & Levin, LLC
Attorney for Plaintiff
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com