**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| MONICA WASHINGTON, ) | |
| ) | Case No. 3:12-cv-720 |
| Plaintiff, ) | |
| ) | Judge Frank D. Whitney |
| vs. ) | |
| ) | Magistrate Judge David S. Cayer |
| PRIME SOURCE CAPITAL MANAGEMENT ) | |
| LLC, ) | **PLAINTIFF'S MOTION FOR** |
| ) | **DEFAULT JUDGMENT** |
| Defendant. ) | |

NOW COMES the Plaintiff, MONICA WASHINGTON, and respectfully requests this Honorable Court enter a default judgment against the Defendant, PRIME SOURCE CAPITAL MANAGEMENT LLC, for its failure to defend itself in this action after having been served with the Complaint. In support thereof, Plaintiff hereby states as follows:

Plaintiff filed this action on November 1, 2012. Defendant was served with the Summons and Complaint by certified mail on November 8, 2012. As of the filing of this motion, the Defendant has not filed a Notice of Appearance, nor any responsive pleading, with this Court.

Plaintiff filed this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter the "FDCPA"), and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute (hereinafter the "North Carolina Statute"), N.C. Gen. Stat. § 58-70-90, *et seq.* Plaintiff's Complaint alleges Plaintiff's Complaint alleges numerous violations of these statutes by Defendant during its attempts to collect an alleged debt from Plaintiff.

Defendant violated the FDCPA as follows:

1

1. By identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

2. By communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);

3. By communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

4. By placing telephone calls to Plaintiff without meaningful disclosure of Defendant's caller's identity, in violation of 15 U.S.C. § 1692d(6);

5. By representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

6. By threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

7. By falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of 15 U.S.C. § 1692e(7);

8. By using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10); and

9. By using an unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977), citing *Pope v. United States*, 323 U.S. 1, 12, 65 S.Ct. 16, 89 L.Ed. 3 (1944) and *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974).

The FDCPA provides for the payment of statutory damages of up to $1,000. 15 U.S.C. § 1692k(a) states, in pertinent part:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of –
> (1) any actual damage sustained by such person as a result of such failure;
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000…

Defendant violated the North Carolina Statute in the following ways:

1. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of N.C. Gen. Stat. § 58-70-105(1);

2. Placing telephone calls to Plaintiff without meaningful disclosure of Defendant's caller's identity, in violation of N.C. Gen. Stat. § 58-70-110(1);

3. Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendant did

3

not intend to take such action, in violation of N.C. Gen. Stat. § 58-70-95(5) and/or (6);

4. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 58-70-95(7) and/or (8);

5. Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of N.C. Gen. Stat. § 58-70-95(2);

6. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of N.C. Gen. Stat. § 58-70-110; and

7. Using an unfair or unconscionable means to attempt to collect a debt, in violation of N.C. Gen. Stat. § 58-70-115.

The North Carolina Statute provides for the payment of statutory damages of up to $4,000 *for each violation* of said statute by the Defendant. N.C. Gen. Stat. § 58-70-130(b) states, in pertinent part:

> Any collection agency which violates Part 3 of this Article with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor for a penalty in such amount as the court may allow, which shall not be less than five hundred dollars ($500.00) for each violation nor greater than four thousand dollars ($4,000) for each violation.

In addition, 15 U.S.C. § 1692k(a)(3) provides that under the FDCPA, a plaintiff can recover from a debt collector "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." The North Carolina Statute, at N.C. Gen. Stat. § 75-16.1, provides that a plaintiff can

4

also recover "a reasonable attorney fee…, such attorney fee to be taxed as a part of the court costs and payable by the losing party, upon a finding by the presiding judge that [t]he party charged with the violation has willfully engaged in the act or practice…"

Attached hereto as Exhibit 1 is the Declaration of attorney Mitchel E. Luxenburg, reflecting the amount of attorneys' fees and court costs incurred by Plaintiff in the prosecution of this action. Copies of the time entries reflecting her attorneys' work for which Plaintiff is seeking compensation are attached hereto as Exhibit 2.

WHEREFORE, Plaintiff, MONICA WASHINGTON, by and through her attorney, prays for a judgment against Defendant, PRIME SOURCE CAPITAL MANAGEMENT LLC, as follows:

a. Statutory damages of $1,000 for Defendant's violation of the FDCPA;

b. Statutory damages of between $500 and $4,000 for each of Defendant's seven violations of the North Carolina Statute, at the Court's discretion;

c. Attorneys' fees in the total amount of $2,472.50, as reflected in the attachments to this motion;

d. Costs in the amount of $350 for reimbursement of the fee paid by Plaintiff to the Clerk of Court to file this lawsuit; and

e. Such other and further relief as this Court deems appropriate under the circumstances.

5

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (42021)
Luxenburg & Levin, LLC
Attorney for Plaintiff
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com

## CERTIFICATE OF SERVICE

I hereby certify that, on December 20, 2012, a copy of the foregoing Motion for Default Judgment was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (42021)
Attorney for Plaintiff