UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-CV-00720-FDW-DSC

| | |
|---|---|
| MONICA WASHINGTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) **ORDER & ENTRY OF JUDGMENT** |
| PRIME SOURCE MANAGEMENT, LLC, | ) ) ) |
| Defendant. | ) ) ) |

**THIS MATTER** is before the Court upon Plaintiff Monica Washington's Plaintiff's Motion for Default Judgment (Doc. No. 8), Declaration of Plaintiff, Monica Washington, in Support of Motion for Default Judgment (Doc. No. 10), and Declaration of Mitchel E. Luxenberg in Support of Plaintiff's Motion for Default Judgment. (Doc. No. 11). For the reasons set forth below, Plaintiff's Motion is GRANTED and Defendant Prime Source Management, LLC is hereby ORDERED to pay Plaintiff $31,822.50. Furthermore, the Clerk's Office is respectfully directed to CLOSE THE CASE.

This action was filed on November 1, 2012, and Defendant Prime Source Capital Management, LLC was served with the Summons and Complaint in this case on November 8, 2012. Following Plaintiff's Application for Clerk's Entry of Default, filed on November 11, 2012, the Clerk's Office entered default against Defendant on November 12, 2012. Plaintiff filed the current Motion on December 20, 2012. The two Declarations (Docs. No. 10-11), clarifying what damages Plaintiff seeks, were filed on February 19, 2013. As of the present date, Defendant has not filed an answer, entered an appearance, or made any other response with

relation to Plaintiff's Complaint.

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend against a claim, and after the Clerk has entered default against such party, the opposing party is entitled to move for default judgment.  See Fed. R. Civ. P. 55.  While "'a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover[,]'" Ryan v. Homecomings Fin. Network, 253 F.2d 778, 780 (4th Cir. 2001) (quoting Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)), "[a]n allegation . . . is admitted if a responsive pleading is required and the allegation is not denied."  Fed. R. Civ. P. 8(b).

In the most recent document filed in this case, the Declaration of Mitchel E. Luxenberg in Support of Plaintiff's Motion for Default Judgment (Doc. No. 11), Plaintiff seeks $31,822.50,[1] as follows:

a. $1,000.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)[;]
b. $4,000 for each of . . . 7 violations alleged in the Complaint filed against Defendant, pursuant to N.C. Gen. Stat. § 58-70 *et. seq.*, for a total of $28,000[;]
c. $2,472.50 for attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and N.C. Gen. Stat. §75-16.1[; and]
d. $350.00 filing fee for court costs pursuant to 15 U.S.C. § 1692k(a)(3).

The Court has reviewed the record and found sufficient basis in the pleadings for the entry of default judgment in the amount requested by Plaintiff in the most recent document filed in this case (Doc. No. 11).  As such, Plaintiff's Motion is GRANTED and default judgment is entered against Defendant.  Accordingly, Defendant is hereby ORDERED to pay Plaintiff $31,822.50.

---

[1] In this filing (Doc. No. 11), Plaintiff requests a total amount of $31,812.50.  However, the Court finds that the four items listed by Plaintiff together add up to $31,822.50, and instead awards this amount.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion (Doc. No. 8) is GRANTED. Default judgment is hereby entered against Defendant, and Defendant is ORDERED to pay Plaintiff $31,822.50. The Clerk's Office is respectfully directed to CLOSE THE CASE.

    IT IS SO ORDERED.

Signed: April 2, 2013

Frank D. Whitney
United States District Judge